NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1737
_____

ARTURO VARGAS LEONOR,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of a Decision
and Order of the Board of Immigration Appeals
(BIA-1 : A099-087-586)
Immigration Judge: David Cheng

_____

Submitted under Third Circuit LAR 34.1(a)
March 8, 2019

BEFORE:  AMBRO, RESTREPO, and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Filed: March 20, 2019)
_____

OPINION*
_____

_____

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

GREENBERG, Circuit Judge.

## I. INTRODUCTION

Petitioner Arturo Vargas Leonor has filed a petition for review pursuant to 8 U.S.C. § 1252(a) ("Petition"), challenging the Board of Immigration Appeals ("BIA")'s decision of March 5, 2018, denying his motion to reopen his removal proceedings. For the reasons stated below, we will deny the Petition.

## II. FACTUAL BACKGROUND

Petitioner is a Mexican national who illegally entered the United States in 1998. In 2012, the government initiated removal proceedings against him, during which he conceded his removability. The immigration judge ("IJ") ordered him removed, and though the IJ granted him the right of voluntary departure, Petitioner did not depart. But on October 5, 2017, he filed a motion to reopen his removal proceedings with an IJ.[1] In the motion, he asserted that he was married and had three children who were United States citizens, one of whom was autistic. He also asserted that there had been an earthquake in his home state of Puebla, Mexico, after he had been ordered removed in 2012, and he and his family would suffer extreme hardship if deported. The IJ denied his motion, and on Petitioner's appeal the BIA affirmed.

---

[1] The parties do not explain the circumstances surrounding the filing of Petitioner's motion to reopen, but it seems likely that Petitioner had been arrested and detained by immigration officials pursuant to the final order of removal issued in 2012, which prompted him to file his motion.

III. DISCUSSION

We review the BIA's denial of motions to reopen for abuse of discretion. <u>INS v. Doherty</u>, 502 U.S. 314, 323, 112 S.Ct. 719, 725 (1992); <u>Fadiga v. Att'y Gen.</u>, 488 F.3d 142, 153 (3d Cir. 2007). "Under the abuse of discretion standard, the Board's decision must be reversed if it is arbitrary, irrational, or contrary to law." <u>Id.</u> at 153 (citation omitted). The BIA denied Petitioner's motion to reopen on both procedural and substantive grounds. First, it denied the motion because Petitioner failed to attach to the motion an application for relief that formed the basis for the motion to reopen. J.A.2. Second, it denied the motion because the facts of this case did not warrant relief. <u>Id.</u>

> On appeal, [Petitioner] argues that he established prima facie eligibility for relief in his motion by referencing the 'grave dangers and extreme hardship' his family will face in Mexico due to the escalating crime rate and devastation caused by the earthquake in the state of Puebla. However, general conditions of crime and social upheaval resulting from a natural disaster do not provide a basis for asylum or withholding of removal.

<u>Id.</u> (citations omitted).

We do not discern an abuse of discretion in the BIA's decision. Without an appropriate application for relief, it would have been difficult for the BIA to decide whether relief was warranted. Nevertheless, it still dutifully surmised what the potential relief may be, and denied relief on the merits. To wit, both asylum and withholding of removal required Petitioner to show a well-founded fear of persecution. <u>See</u> 8 U.S.C. § 1158(b)(1)(A) (asylum only available to "refugees"); 8 U.S.C. § 1101(a)(42) (defining "refugee" as a person "who is unable or unwilling to return" to his home country "because of persecution or a well-founded fear of persecution"); 8 U.S.C. §

3

1231(b)(3)(A). We fail to see how an earthquake and the need to care for an autistic child would lead to any credible fear of persecution for Petitioner or his family.[2]

Petitioner attempts to excuse his lack of proof justifying relief by alleging that the IJ improperly denied his motion to supplement the record, which violated his procedural due process rights. The BIA addressed this argument, stating "[Petitioner] has cited no legal authority for his assertion that the Immigration Judge was obligated to provide him with time to supplement his motion with additional evidence, and we are aware of none." J.A.2. Generally, procedural due process only requires the government to provide an individual with a full and fair opportunity to be heard. Hamdi v. Rumsfeld, 542 U.S. 507, 533, 124 S.Ct. 2633, 2649 (2004); Serrano-Alberto v. Att'y Gen., 859 F.3d 208, 213 (3d Cir. 2017). Petitioner received that opportunity when he filed his motion to reopen. He did not provide any evidence to the IJ, BIA, or us in his Petition, showing why the additional time to supplement was reasonably necessary. Indeed, even now, he does not present proof that he had any additional evidence to submit to the IJ in the first place. The BIA did not err in denying his procedural due process claim.

Finally, Petitioner argues that he received ineffective assistance of counsel in the filing of the motion to reopen. To establish an ineffective assistance of counsel claim, Petitioner must show, among other things, "there is a 'reasonable likelihood' that the result of the removal proceedings would have been different had the error(s) not

---

[2] Petitioner does not contend in his brief that he is seeking a cancellation of removal under the "unusual hardship" provision of 8 U.S.C. § 1229b(b)(1)(D). In any event, he did not present any evidence to the IJ, BIA, or us, evincing the required "exceptional and extremely unusual hardship to the alien's spouse, parent, or child" that would warrant relief.

4

occurred." <u>Contreras v. Att'y Gen.</u>, 665 F.3d 578, 584 (3d Cir. 2012). However, Petitioner does not proffer any facts to show that he would have been entitled to relief had his attorney not erred, at least to the extent we even can discern what those errors were—the same facts presented to the IJ and BIA are the same facts Petitioner presents now, which we already have decided were insufficient to warrant relief. Inasmuch as Petitioner has not presented any valid ground for relief, we will deny his Petition for review of the March 5, 2018 decision.